THE VIGILANT.

STOCKER *v.* THE VIGILANT and others.

(*District Court, S. D. New York.*   March 4, 1887.)

1. SEAMEN—LEG BROKEN—MEDICAL ATTENDANCE—DUTY OF MASTER.
     It is the duty of a master to procure any medical attendance that may be
     available, at ports where the vessel touches, for the benefit of seamen injured,
     where there is reasonable evidence of a necessity for it.

2. SAME—THE CASE—DAMAGES.
     The libelant's leg having been broken 12 days before arrival at St. Helena,
     the master did not call in medical aid, because he did not believe the seaman's
     leg was broken, and thought him shamming, notwithstanding the seaman's
     persistence that his leg was broken, and various circumstances indicating
     serious difficulty.   The leg might there have been properly set.   Upon arrival
     at New York, it was found grown together in so bad a position as perma-
     nently to disable his limb for seaman's duties.   Five hundred dollars damages
     were allowed.

In Admiralty.
*Wilcox, Adams & Macklin,* for libelant.
*Owen & Gray,* for claimants.

BROWN, J.   I cannot doubt, in this case, that the libelant's leg was
broken by his first fall.   The vessel, within 16 days, was at St. Helena,
where it cannot be doubted that proper medical attendance could have
been procured.   The libelant had constantly told the captain that his
leg was broken.   The captain noticed symptoms that he could not un-
derstand, but was skeptical because the patient could move his toe.   Many
circumstances testified to should have satisfied the master that this sea-
man's leg was broken, and that he was not shamming.   Through the
want of proper attention the libelant's limb has been seriously injured,
and cannot recover the strength it would have had if properly treated.
He will be unable to perform a seaman's duties, or other work trying to
the limbs.   The circumstances appear to me to be such as clearly made
it the master's duty to afford the seaman medical attention at St. Helena,
where the difficulty could have been largely remedied.

I must allow the libelant the sum of $500, which is as moderate an
amount as I feel justified in awarding, considering the life-long impair-
ment of the seaman's limb; and notwithstanding the fact that his second
fall, apparently by his own want of care, undoubtedly aggravated the
injury.   Had I not been entirely satisfied of the master's good faith in
his conduct, as well as of his intent to treat the seaman kindly and justly,
I should have felt bound to add considerably to the sum above named.
In consideration of all the circumstances, I think the above sum a just
allowance.